GONZALES, Judge,
concurring.
The damage award in this case seems exorbitant; however, under Hae Woo Youn v. *272 Maritime Overseas Corp., 623 So.2d 1257, 92-C-3017 (La.1993), the Supreme Court has reserved to itself the exclusive right to reduce excessive awards. If the award were for lumbar and cervical strains alone, it would shock the conscience of the court; however, the injuries in this case also include a loss of hearing.
On this issue, the apparent defense strategy was that no trial judge could believe the causation testimony of the plaintiffs expert. However, the defense put on no contradicting expert opinions. Even if the trial judge had been presented with conflicting opinions, under Rosell v. ESCO, 549 So.2d 840 (La.1989), it would be difficult to reverse. However, when a judge is faced with only one set of evidence, however unbelievable, balanced against no evidence, the issue for the trial judge is simple and reversal in such a factual setting is virtually impossible. See Stobart v. State, Department of Transportation and Development, 617 So.2d 880 (La.1993). In Stobart, we had a plaintiff with no recollection of the accident and plaintiffs experts, neither of whom took any measurements of the bridge, roadway or alleged pothole, and this evidence was balanced against unimpeachable, objective photos, which this Court could evaluate, and the testimony of plaintiffs own witness, a state trooper who found no pothole at the accident site, and the Louisiana Supreme Court has said this is not sufficient to justify reversal of a factual finding.